**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

November 05, 2024

Mr. Joshua Tom
American Civil Liberties Union
of Mississippi
P.O. Box 2242
Jackson, MS 39225-2242


Mr. Jonathan K. Youngwood
Simpson, Thacher & Bartlett, L.L.P.
425 Lexington Avenue
New York, NY 10017-3954


      No. 24-60558    Rash v. Lafayette County, MS
                      USDC No. 3:20-CV-224


Dear Mr. Tom, Mr. Youngwood,

We have docketed the appeal and ask you to use the case number
above in future inquiries.

Filings in this court are governed strictly by the Federal Rules
of **Appellate** Procedure.  We cannot accept motions submitted under
the Federal Rules of **Civil** Procedure.  We can address only those
documents the court directs you to file, or proper motions filed
in support of the appeal.  See Fed. R. App. P. and 5th Cir. R. 27
for guidance.  Documents not authorized by these rules will not be
acknowledged or acted upon.

You must complete a transcript order form, which can be obtained
from the court's website www.ca5.uscourts.gov.  If you are required
to electronically file, you must, file the form via the 5th
Circuit's Electronic Document Filing System even if the form was
filed with the district court, and make financial arrangements
with the court reporter.  See also 5th Cir. R. 30.1.2 and 5th Cir.
R. 31.1 to determine if you have to file electronically.  When
completed, this meets your obligation to order the necessary
portions of the court reporter's transcript, see Fed. R. App. P.
10(b).  (If you are pro se and unable to afford payment, you must
file a motion with the district court requesting transcript at
government expense, and notify this court.)  We will coordinate
the transcript deadlines with the court reporter.  The court
reporter should contact you directly if an extension of time to
file the transcript is granted.  Failure to complete the transcript

order form and make financial arrangements with the court reporter within 15 days will result in dismissal of the appeal in accordance with the rules.

We will provide you information about the briefing schedule of this appeal at a later date. If a transcript is unnecessary, please complete the section on the transcript order form to indicate such and we will start the briefing schedule. 5th Cir. R. 31.4 and the Internal Operating Procedures following rules 27 and 31 state that except in the most extraordinary circumstances, the maximum extension for filing briefs is 30 days in criminal cases and 40 days in civil cases.

All counsel who desire to appear in this case must electronically file a "Form for Appearance of Counsel" naming all parties represented within 14 days from this date, see Fed. R. App. P. 12(b) and 5th Cir. R. 12. This form is available on our website www.ca5.uscourts.gov. Failure to electronically file this form will result in removing your name from our docket. Pro se parties are not required to file appearance forms.

ATTENTION ATTORNEYS: Attorneys are required to be a member of the Fifth Circuit Bar and to register for Electronic Case Filing. The "Application and Oath for Admission" form can be printed or downloaded from the Fifth Circuit's website, www.ca5.uscourts.gov. Information on Electronic Case Filing is available at www.ca5.uscourts.gov/cmecf/.

ATTENTION ATTORNEYS: Direct access to the electronic record on appeal (EROA) for pending appeals will be enabled by the U S District Court on a per case basis. Counsel can expect to receive notice once access to the EROA is available. Counsel must be approved for electronic filing and must be listed in the case as attorney of record before access will be authorized. Instructions for accessing and downloading the EROA can be found on our website at http://www.ca5.uscourts.gov/docs/default-source/forms/instructions-for-electronic-record-download-feature-of-cm. Additionally, a link to the instructions will be included in the notice you receive from the district court.

Sealed documents, except for the presentence investigation report in criminal appeals, will not be included in the EROA. Access to sealed documents will continue to be provided by the district court only upon the filing and granting of a motion to view same in this court.

We recommend that you visit the Fifth Circuit's website, www.ca5.uscourts.gov and review material that will assist you during the appeal process. We especially call to your attention the Practitioner's Guide and the 5th Circuit Appeal Flow Chart, located in the Forms, Fees, and Guides tab.

ATTENTION: If you are filing Pro Se (without a lawyer) you can request to receive correspondence from the court and other parties by email and can also request to file pleadings through the court's electronic filing systems. Details explaining how you can request this are available on the Fifth Circuit website at http://www.ca5.uscourts.gov/docs/default-source/default-

document-library/pro-se-filer-instructions. This is not available for any pro se serving in confinement.

**Special guidance regarding filing certain documents:**

General Order No. 2021-1, dated January 15, 2021, requires parties to file in paper highly sensitive documents (HSD) that would ordinarily be filed under seal in CM/ECF.  This includes documents likely to be of interest to the intelligence service of a foreign government and whose use or disclosure by a hostile foreign government would likely cause significant harm to the United States or its interests.  Before uploading any matter as a sealed filing, ensure it has not been designated as HSD by a district court and does not qualify as HSD under General Order No. 2021-1.

A party seeking to designate a document as highly sensitive in the first instance or to change its designation as HSD must do so by motion. Parties are required to contact the Clerk's office for guidance before filing such motions.

**Sealing Documents on Appeal:**  Our court has a strong presumption of public access to our court's records, and the court scrutinizes any request by a party to seal pleadings, record excerpts, or other documents on our court docket.  Counsel moving to seal matters must explain in particularity the necessity for sealing in our court.  Counsel do not satisfy this burden by simply stating that the originating court sealed the matter, as the circumstances that justified sealing in the originating court may have changed or may not apply in an appellate proceeding.  It is the obligation of counsel to justify a request to file under seal, just as it is their obligation to notify the court whenever sealing is no longer necessary.  An unopposed motion to seal does not obviate a counsel's obligation to justify the motion to seal.


                         Sincerely,

                         LYLE W. CAYCE, Clerk

                         By: _____
                         Rebecca Andry, Deputy Clerk
                         504-310-7638

cc:
    Mr. David Crews
    Mr. David Daniel O'Donnell

Provided below is the court's official caption.  Please review the parties listed and advise the court immediately of any discrepancies.  If you are required to file an appearance form, a complete list of the parties should be listed on the form exactly as they are listed on the caption.

———————

Case No. 24-60558

———————

John Rash,

                Plaintiff - Appellant/Cross-Appellee

v.

Lafayette County, Mississippi,

                Defendant - Appellee/Cross-Appellant